IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>HARPER et al,<br>    Defendants. | Case No. 1:24-cv-01513-JEH-RLH |

### Amended Order

Now before the Court is the Motion to Deposit Funds and for Interpleader Discharge, (D. 11), filed by Plaintiff Metropolitan Life Insurance Company ("MetLife"),[1] it is HEREBY ORDERED:

1. MetLife's Motion is GRANTED and DENIED in part as follows;
2. MetLife is authorized to deposit into the Clerk of the Court's interest-bearing registry account the total amount of $16,345.67, consisting of the $16,275.00 in life insurance benefits, plus $70.67 in interest through May 30, 2025 ("Plan Benefits"), payable due to the deat-77h of William L. Harper, Jr. (the "Decedent"), under the Caterpillar Inc. Disability and Life Insurance Plan for Bargaining Unit Employees (the "Plan") issued by MetLife to Caterpillar Inc. ("Employer") and funded by Group Policy No. 17250-1-G ("Group Policy");
3. MetLife's requests for costs in the amount of $775.00 is DENIED. *See Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

4. The Clerk shall invest and manage the deposited Plan Benefits as required in Federal Rule of Civil Procedure 67(b) and Standing Order CDIL-9 Order Regarding Deposit, Investment, and Disbursement of Registry Funds;

5. MetLife and all its parents, subsidiaries, and affiliates, the Plan, and the Employer are discharged and have no further liability with respect to the Plan Benefits, including any interest or claims related thereto, and any other claims related to the Decedent or the Decedent's coverage under the Plan or Group Policy;

6. MetLife and all its parents, subsidiaries, and affiliates, the Plan, and the Employer have no further liability to Lacie Harper and Donna Barker or anyone claiming by or through them, under the Plan or the Group Policy, related to the Decedent, or related to the Decedent's coverage under the Plan or Group Policy, including all claims, whether asserted or unasserted, that could have been made by them;

7. Lacie Harper and Donna Barker, or anyone claiming by or through them are restrained and enjoined from instituting any action or proceeding in any state or federal court against MetLife, the Plan or the Employer for recovery of the Plan Benefits, including any interest or claims related thereto, and any other claims related to the Decedent or the Decedent's coverage under the Plan or Group Policy; and

8. MetLife is dismissed with prejudice from this action.

*It is so ordered.*

Entered on June 3, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE