## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

LACIE HARPER,

    *Plaintiff,*

v.

DONNA BARKER,

    *Defendant.*

Case No. 1:24-cv-01513-JEH-RLH

## SCHEDULING ORDER

The parties must adhere to the following deadlines:

1. Initial disclosures under Fed. R. Civ. P. 26(a)(1): **November 15, 2025**

2. Amendments to pleadings: **December 15, 2025**

3. Joinder of additional parties: **December 15, 2025**

4. Close of Fact Discovery: **April 30, 2026**

5. Plaintiff's Disclosure of Expert Witnesses: **May 30, 2026**

6. Defendant's Disclosure of Expert Witnesses: **June 30, 2026**

7. Close of Expert Discovery: **August 15, 2026**

8. Dispositive Motions: **September 30, 2026**

## NOTICE TO PRO SE LITIGANTS

The Court provides the following guidance to assist the parties, who are representing themselves, in understanding and complying with the rules governing discovery and motion practice in federal court. This summary is not a substitute for

the Federal Rules of Civil Procedure or the Local Rules of the Central District of Illinois, which both parties must review and follow.

I.   **Discovery Process**

Now that the case has reached the discovery stage, each party has the right to obtain information and documents relevant to the claims and defenses in this case. Discovery is the process by which the parties exchange such information so that each side may fairly prepare for trial. Under **Federal Rule of Civil Procedure 26(b)(1)**, discovery is limited to matters that are *relevant to any party's claim or defense* and *proportional to the needs of the case*. Parties must conduct discovery in good faith and avoid unnecessary disputes.

   A. **Initial Disclosures**

Each party must provide to the other, without waiting for a formal request, basic information about witnesses, documents, and damages as described in Rule 26(a)(1).

   B. **Discovery Requests**

The parties may serve written discovery, including:

- **Interrogatories (Rule 33)** – written questions to be answered under oath;

- **Requests for Production (Rule 34)** – requests for documents or tangible items;

- **Requests for Admission (Rule 36)** – requests asking the other party to admit or deny specific facts.

Each party must respond within the time allowed by the Rules (generally 30 days).

### C. Depositions

Either party may take the deposition of the other or of witnesses under **Rule 30**. Depositions are sworn testimony taken before a court reporter.

### D. Discovery Disputes

Before filing any discovery motion, the parties **must confer in good faith** to try to resolve the issue without court involvement (**Rule 37(a)(1); CDIL-LR 37.1**). If the dispute cannot be resolved, a motion to compel must include a **certification** describing these efforts. The Court may impose sanctions if a party fails to cooperate in discovery (**Rule 37(b)**).

### E. No Filing Discovery Materials

Discovery requests and responses **should not be filed** with the Court unless attached to a motion or required by order (CDIL-LR 26.3).

### F. Failure to Abide by Discovery Rules

The parties are reminded that discovery should be used to **learn the facts**, not to harass or burden the other side. Failure to participate in discovery or comply with the Rules may result in sanctions, including dismissal or entry of judgment.

## II. Dispositive Motions

After discovery closes, either party may file a **dispositive motion**, asking the Court to decide the case without a trial. The most common dispositive motion is a **motion for summary judgment** under **Rule 56**, which argues that there are no genuine disputes of material fact and that the moving party is entitled to judgment as a matter of law.

A summary judgment motion must:

- Cite specific evidence from the record supporting each factual assertion; and
- Include a separate statement of undisputed material facts as required by **CDIL-LR 7.1(D)**.

The opposing party must file a timely response supported by citations to the record. If a party fails to respond, the Court may deem the facts admitted and rule without further notice.

Parties should not file motions asking the Court to decide factual disputes—those are reserved for trial. Dispositive motions must comply with all applicable rules regarding form, content, and deadlines.

### III. Settlement & Mediation

The parties are **strongly encouraged to discuss possible settlement** of this case at any stage of the proceedings. Settlement discussions can occur informally between the parties or through a **court-facilitated settlement conference or mediation** with a Magistrate Judge.

If both parties believe a settlement conference would be helpful, they may jointly contact the Clerk's Office or submit a written request to the assigned Magistrate Judge. The Court encourages sincere efforts to resolve disputes without the time and expense of continued litigation.

### IV. Trial (If No Settlement Reached)

If the case does not resolve by agreement or through summary judgment, it will proceed to trial. The trial process generally includes the following stages:

1. **Final Pretrial Conference:** The Court will hold a conference under **Rule 16(e)** to discuss witnesses, exhibits, stipulations, and trial procedures.

2. **Jury Selection (if applicable):** Jurors are selected under **Rules 38–47**.

3. **Opening Statements:** Each side gives a brief summary of the evidence it intends to present.

4. **Presentation of Evidence:** The plaintiff presents evidence first, followed by the defendant. Witnesses testify under oath and may be cross-examined.

5. **Closing Arguments:** Each side summarizes the evidence and the law that supports its position.

6. **Jury Instructions and Deliberation (jury trials):** The judge instructs the jury on the law, and the jury deliberates and reaches a verdict.

7. **Judgment:** The Court enters judgment on the verdict or, in a bench trial, issues findings of fact and conclusions of law under **Rule 52**.

After trial, either party may file post-trial motions under **Rules 50**, **59**, or **60**, or appeal as permitted by the Federal Rules of Appellate Procedure.

V. **Final Note**

Both parties must read and follow:

- The **Federal Rules of Civil Procedure**, available at www.uscourts.gov;
- The **Local Rules of the Central District of Illinois**, available at www.ilcd.uscourts.gov.

Parties representing themselves are expected to comply with these rules just as an attorney would. Questions about procedure may be directed to the Clerk's Office, but court staff cannot provide legal advice or interpret the law for either side.

*So ordered.*

Entered this 17th day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
